**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CASE NO. 5:15-cr-00050-RLV-DSC-1**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JENNIFER IRENE BROWN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

      **BEFORE THE COURT** is Defendant's *pro se* Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (2012), Clarifying Amendment 3B1.2 ("The Motion").  (Doc. 65). Defendant pled guilty to one count of Conspiracy to Distribute and Possess with the Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846.  (Doc. 31; Doc. 59 at 1).  This Court sentenced Defendant to a term of imprisonment of sixty-three months.  (Doc. 59 at 2).  In her Motion, Defendant seeks a sentence reduction through the retroactive application of U.S. Sentencing Guidelines Amendment 794, which clarifies the requirements for mitigating sentences based upon a defendant's "minor" or "minimal" role in an offense under U.S Sentencing Guidelines (U.S.S.G.) § 3B1.2.  Specifically, Defendant asks the Court to grant a "minor role" reduction to her offense level, which would result in a two-level reduction from an total offense level of thirty-one to a total offense level of twenty-nine.  *See* U.S.S.G. § 3B1.2(b); (*see also* Doc. 45 at 7).

      Once a term of imprisonment has been imposed it is generally considered to be "final for all purposes."  18 U.S.C. § 3582(b).  Narrow exceptions exist that permit a court to modify a term of imprisonment.  *See* 18 U.S.C. § 3582(b), (c).  A court is only permitted to modify a term of imprisonment "if the Bureau of Prisons moves for a reduction, the Sentencing Commission amends

the applicable Guidelines range, or another statute or [Fed. R. Crim. P.] 35 *expressly* permits the court to do so." *United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010). Here, the Director of the Bureau of Prisons has not moved for a reduction, the Government has not filed a Fed. R. Crim. P. 35 motion, and there is no statute expressly permitting the Court to reduce Defendant's sentence. However, the Sentencing Commission has amended U.S.S.G. § 3B1.2 through its adoption of Guidelines Amendment 794.

The Court may "reduce a defendant's term of imprisonment when the Commission has subsequently lowered his or her sentencing range and made that reduction retroactive." *United States v. Dunphy*, 551 F.3d 247, 250 (4th Cir. 2009). Section 3582(c)(2) states that "upon motion of the defendant . . . the court may reduce the term of imprisonment . . . , *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*." § 3582(c)(2) (emphasis added). The applicable policy statement is U.S.S.G. § 1B1.10, which provides as follows:

> [i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a). The United States Court of Appeals for Fourth Circuit has held that amendments may receive retroactive application only when expressly listed in § 1B1.10([d])[1]. *Dunphy*, 551 F.3d at 249 n.2 ("A guideline amendment may be applied retroactively only when expressly listed in U.S.S.G. § 1B1.10([d])."); *United States v. Williams*, 808 F.3d 253, 257 (4th

---

[1] The Sentencing Guidelines were amended on November 1, 2014 to include Amendment 780, which "redesignat[ed]" subsection (c) as subsection (d). U.S.S.G. App. C, amdt. 780 ("[s]ection 1B1.10 is amended in each of subsections (a)(1), (a)(2)(A), (a)(2)(B), and (b)(1) by striking 'subsection (c)' each place such term appears and inserting 'subsection (d)'; [and] by redesignating subsection (c) as subsection (d)[.]").

Cir. 2015) (noting § 1B1.10(d) "lists the Guidelines amendments designated by the Commission for retroactive application in a § 3582(c)(2) proceeding"); *see also United States v. McHan*, 386 F.3d 620, 622 (4th Cir. 2004) (holding that "since Amendment 645 is not listed in section 1B1.10([d]) [it] therefore may not be applied retroactively on a section 3582 motion"). As of the date of this Order, Amendment 794 is not listed in U.S.S.G. § 1B1.10(d) as one of the amendments to be applied retroactively. Therefore, a reduction in Defendant's sentence is not consistent with the policy statement because Amendment 794 does not apply retroactively to sentences that have become final.

Defendant, in her Motion, cites *United States v. Christensen* for the proposition that this Court should consider three factors in determining whether Guidelines Amendment 794 applies retroactively: "(1) whether the amendment is included on a list of retroactive amendments in U.S.S.G. § 1B1.10([d]); (2) whether the Commission characterized the amendment as a clarification; and (3) whether the amendment resolves a circuit conflict." (Doc. 65 at 6); *United States v. Christensen*, 598 F.3d 1201, 1205 (9th Cir. 2010). Defendant emphasizes that Guidelines Amendment 794 resolves a circuit split and that the language of the Amendment indicates the Commission intended the Amendment to be a clarification. (Doc. 65 at 6). The Court recognizes the factors set forth by the United States Court of Appeals for the Ninth Circuit in *Christensen*; however, as previously discussed, the Fourth Circuit requires that an amendment be expressly listed in U.S.S.G. § 1B1.10(d) in order for the amendment to receive retroactive application. *See United States v. Brewton*, No. 16-7709, 2017 WL 1242007 (4th Cir. Apr. 4, 2017) (holding the district court did not commit a reversible error in denying the defendant's 18 U.S.C. § 3582(c) motion on the grounds that Amendment 794 was not listed as an amendment receiving retroactive application in Guideline § 1B1.10(d)); *United States v. Welch*, No. 19-7670, 2017 WL 1241970

(4th Cir. Apr. 4, 2017) ("Guidelines § 1B1.10(d), p.s., lists the amendments that receive retroactive application, and this list does not include Amendment 794. The district court therefore did not abuse its discretion in denying [the defendant] the relief she sought under Amendment 794."); *United States v. McNeill*, No. 16-7080, 2016 WL 6936472 (4th Cir. Nov. 28, 2016) ("Section 1B1.10(d) of the Guidelines lists the amendments that receive retroactive application, and this list does not include Amendment 794. Therefore, Amendment 794 cannot be given retroactive effect in a § 3582(c)(2) proceeding."). Furthermore, although the factors from *Christensen* may weigh in favor of Defendant's motion, *Christensen*, as well as a subsequent Ninth Circuit case applying the factors in the context of Guidelines Amendment 794, arose within the context of the retroactive application of an amendment to a sentence on direct appeal. *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016) (applying factor test from *Christensen* to conclude that Amendment 794 applies retroactively to cases on direct appeal); *Christensen*, 598 F.3d at 1203-04 (deciding retroactive application question in context of direct appeal). Where interests of finality are not as strong while a case remains on direct appeal, it is not apparent from the case law relied on by Defendant that, even under the Ninth Circuit's approach, Guidelines Amendment 794 would apply retroactively to Defendant's sentence.

For the reasons stated above, Amendment 794 lacks retroactive effect and thus, Defendant has not established a sufficient basis to warrant a sentence reduction. **IT IS, THEREFORE, ORDERED** that Defendant's *pro se* Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2), Clarifying Amendment 3B1.2 (Doc. 65) is **DENIED**.

Signed: May 26, 2017

Richard L. Voorhees
United States District Judge