UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:15-cr-00050-MOC-DSC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **)** | |
| | **)** | |
| | **)** | |
| | **)** | |
| Vs. | **)** | ORDER |
| | **)** | |
| **JENNIFER IRENE BROWN,** | **)** | |
| | **)** | |
| Defendant. | **)** | |

**THIS MATTER** is before the Court on defendant's pro se letter (#70), which the court

deems to be a Motion to Vacate Sentencing Enhancement. For cause, defendant states that she

pled guilty to a conspiracy charge, not a gun charge, but received a sentencing enhancement for a

gun. She states that she is not looking for a sentence reduction, but simply to have the enhancement

stricken because it prevents the Bureau of Prisons ("BOP") from taking time off her sentence for

successful completion of REDAP. Defendant advises that she presently has pending a Section

2255 Motion to Vacate Sentence, 5:17cv152.

Review of the petition filed in 5:17cv152 reveals that defendant has made an identical

allegation as Ground One, stating as follows:

> I did not possess a firearm when arrested. The Probation Officer applied the
> enhancement found in USSG Chapter 2, Section 01.1(b)(1) to my Offense Level
> Computation. This enhancement increased my base offense level by 2 levels and,
> because it was adopted by the Court, prevents me from receiving a reduction in my
> sentence under the Bureau of Prisons' Residential Drug Abuse Program. (A fact I
> only recently learned from BOP staff.)

Brown v. United States, 5:17cv152 (#1) at 4. Whatever relief may be available will be determined

in the Section 2255 proceeding.

There simply is no relief available in this matter unless defendant is successful in her Section 2255 case. Once a term of imprisonment has been imposed it is generally considered to be "final for all purposes." 18 U.S.C. § 3582(b). Narrow exceptions exist that permit a court to modify a term of imprisonment. <u>See</u> 18 U.S.C. § 3582(b), (c). A court is only permitted to modify a term of imprisonment "if the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or [Fed. R. Crim. P.] 35 expressly permits the court to do so." <u>United States v. Goodwyn</u>, 596 F.3d 233, 235 (4th Cir. 2010). Here, the Director of the Bureau of Prisons has not moved for a reduction, the Government has not filed a Fed. R. Crim. P. 35 motion, and there is no statute expressly permitting the Court to reduce Defendant's sentence. Finally, defendant states that she is not seeking a reduction in her total sentence, but only for this Court to strike its application of the gun enhancement which is preventing BOP from reducing her sentence under REDAP. A court cannot modify a final Judgment by striking an enhancement without also modifying the sentence.

Having considered defendant's pro se letter (#70) and reviewed the pleadings, the Court enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's pro se letter (#70), which the court deems to be a Motion to Vacate Sentencing Enhancement (#70), is **DENIED.**

Signed: March 15, 2018



Max O. Cogburn Jr
United States District Judge