**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18-cv-147-MOC
(5:15-cr-50-MOC-DSC-1)**

| | |
|---|---|
| JENNIFER IRENE BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). For the following reasons, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the Motion to Vacate.

### I.  BACKGROUND

On December 17, 2015, pro se Petitioner pled guilty in this Court to conspiracy to distribute and to possess with intent to distribute methamphetamine. See (Crim. Case No. 5:15cr50-MOC-DSC-1, Doc. No. 32: Acceptance and Entry of Guilty Plea). This Court subsequently sentenced Petitioner to 63 months in prison. See (Id., Doc. No. 59: Judgment). Petitioner did not appeal.

On August 22, 2017, Petitioner filed a motion to vacate her sentence under 28 U.S.C. § 2255, which this Court denied and dismissed on the merits. (Id., Doc. Nos. 68, 72). Petitioner placed the instant motion to vacate in the prison system for mailing on September 9, 2018, and it was stamp-filed in this Court on September 17, 2018. As her sole claim, Petitioner seeks sentencing relief under Sessions v. Dimaya, 138 S. Ct. 1204 (2018).

1

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

As noted, Petitioner filed the instant motion to vacate on September 9, 2018, seeking to have the Court vacate her conviction and sentence in Crim. Case No. 5:15cr50-MOC-DSC-1. Petitioner filed a previous motion to vacate the same conviction and sentence, and this Court denied the motion to vacate on the merits. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Petitioner has not shown that she has obtained the permission of the Fourth Circuit Court of Appeals to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's Section 2255 Motion to Vacate

for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: September 26, 2018

Max O. Cogburn Jr
United States District Judge